## No. 667.

### WALLING'S HEIRS vs. JOSEPH HOWELL'S SUCCESSION.

Counsel for the succession of Joseph Howell, who was the surety of Cain, administrator of the succession of James Walling, whose heirs are the plaintiffs in this case to recover a certain sum, the amount of a judgment obtained by them against the succession of Cain, the said administrator, whose succession they allege to have prosecuted to insolvency without avail, objects to this suit as being premature, because, among other reasons, the judgment against the succession of Cain, the principal on the bond sued on, was rendered by the parish court, which was without jurisdiction of the amount.

The above-mentioned exception is well taken. Under the constitution the parish court was without jurisdiction of the suit against the succession of Cain, the principal on the bond, the amount claimed in said suit and for which judgment was rendered being over two thousand dollars. The judgment is an absolute nullity, and plaintiffs have not therefore taken all necessary steps against the principal before suing the surety.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney, J. A. B. Levisee, William A. Seay,* and *J. B. Slatterly,* for plaintiffs and appellants. *A. M. V. Hicks,* for defendant and appellee.

HOWELL, J. Plaintiffs, claiming to be the sole heirs of James Walling, Jr., deceased, brought this suit against the succession of Joseph Howell, deceased, who was the surety of S. H. Cain, administrator of the succession of said James Walling, Jr., to recover the sum of $2229 07, the amount of a judgment obtained by them against the succession of Cain, the administrator, whose succession they allege they have prosecuted to insolvency without avail.

The defendant excepted that the suit is premature, because, among other reasons, the judgment against the succession of Cain, the principal on the bond sued on, was rendered by the parish court, which was without jurisdiction as to the amount.

The exceptions were referred to the merits without prejudice; an answer was filed setting up various defenses, among them the prescription of one, three, five, ten, and twenty years. The prescription of ten years was sustained, and plaintiffs appeal.

We think the above exception was well taken. Under the constitution the parish court was without jurisdiction of the suit against the succession of Cain, the principal on the bond, the amount claimed in said suit, and for which judgment was rendered, being $2229 07. The judgment is an absolute nullity, and plaintiffs have not, therefore, taken all necessary steps against the principal before suing the surety. Their action is premature.

It is therefore ordered that the judgment in favor of defendant be affirmed without prejudice, and with costs.

Rehearing refused.